IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:18-CR-451-1D(1)
CASE NO. 5:18-CR-451-2D(1)

FILED IN OPEN COURT
ON 11/6/19 STS
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES OF AMERICA )
)
v. ) SUPERSEDING INDICTMENT
)
JONATHAN LYNN JENKINS )
a/k/a "Max" )
)
ANTOINE LAMAR WALLACE )
a/k/a "Tweezy" )

The Grand Jury charges:

## COUNT ONE

Beginning in or about November 2014 and continuing to on or about October 20, 2015, in the Eastern District of North Carolina, the defendants, JONATHAN LYNN JENKINS a/k/a "Max" and ANTOINE LAMAR WALLACE a/k/a "Tweezy," together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to:

(a) recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and benefit financially and receive anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained, one or more persons known to the Grand Jury, in and affecting interstate commerce, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion would be used to cause such persons to engage in one or

more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a) and (b)(1);

(b) recruit, entice, harbor, transport, provide, obtain, and maintain by any means, in and affecting interstate and foreign commerce, one or more persons known to the Grand Jury, who had not attained the age of 18 years, and having had a reasonable opportunity to observe such persons, and knowing and in reckless disregard of the fact that such persons had not attained the age of 18 years, and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

All in violation of Title 18, United States Code, Section 1594(c).

## COUNT TWO

Beginning in or about November 2014 and continuing to on or about October 20, 2015, in the Eastern District of North Carolina, the defendants, JONATHAN LYNN JENKINS a/k/a "Max" and ANTOINE LAMAR WALLACE a/k/a "Tweezy," aiding and abetting each other, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted financially and received anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained, a person having the initials B.H., who had not attained the age of 18 years, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause B.H. to engage in a commercial sex act, and having had a reasonable

2

opportunity to observe B.H., and knowing and in reckless disregard of the fact that B.H. had not attained the age of 18 years, and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a), (b), and 2.

## COUNT THREE

Beginning in or about January 2015 and continuing to on or about February 8, 2015, in the Eastern District of North Carolina, the defendants, JONATHAN LYNN JENKINS a/k/a "Max" and ANTOINE LAMAR WALLACE a/k/a "Tweezy," aiding and abetting each other, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted financially and received anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained, a person having the initials M.J., who had not attained the age of 18 years, and having had a reasonable opportunity to observe M.J., and knowing and in reckless disregard of the fact that M.J. had not attained the age of 18 years, and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a), (b)(2), and 2.

## COUNT FOUR

Beginning in or about November 2014 and continuing to on or about October 20, 2015, in the Eastern District of North Carolina, the defendants, JONATHAN LYNN JENKINS a/k/a "Max" and ANTOINE LAMAR WALLACE a/k/a "Tweezy," aiding and abetting each other, knowingly traveled and used a facility in interstate

commerce, namely, the Internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of North Carolina, and thereafter, performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT FIVE

On or about January 19, 2016, in the Eastern District of North Carolina, the defendant JONATHAN LYNN JENKINS a/k/a "Max," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, and the firearm was in an affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

[Remainder of Page Intentionally Left Blank]

## FORFEITURE

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1591 and 1594 (Counts One, Two, and Three), the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), all their right, title, and interest in:

1. Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

2. Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation.

Upon conviction of the offense in violation of Title 18, United States Code, Section 1952 (Count Four), the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) (as made applicable by Title 28, United States Code, Section 2461(c)), all his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

Upon conviction of the firearm offense set forth in Count Five of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), as made applicable by Title 28, United States Code, Section 2461(c), any and all firearms or ammunition involved in or used in a knowing commission of the offenses. The property to be forfeited shall include, but not be limited to a Mossberg 12-gauge shotgun, Model 535, serial number AT038550, and ammunition.

The property to be forfeited shall include, but not be limited to a Mossberg 12-gauge shotgun, Model 535, serial number AT038550, and any and all ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Date: 11-6-19

ROBERT J. HIGDON JR.
United States Attorney

WILLIAM M. GILMORE
Assistant United States Attorney